COMMONWEALTH *vs.* FRANCIS STEWART.

Middlesex. February 7, 1996. - April 4, 1996.

Present: LIACOS, C.J., WILKINS, ABRAMS, LYNCH, & FRIED, JJ.

*Constitutional Law,* Waiver of constitutional rights. *Practice, Criminal,* Assistance of counsel, New trial. *Evidence,* Prior conviction, Impeachment of credibility, Cross-examination, Alibi, Declaration against interest, Polygraph test. *Witness,* Impeachment.

A criminal defendant was not entitled to a new trial on the ground that his decision not to testify was based on his counsel's erroneous advice following the judge's ruling that certain of the defendant's convictions would be admissible for impeachment purposes, where the judge's error in ruling admissible a certain misdemeanor conviction was harmless inasmuch as he correctly ruled admissible four other felony convictions. [386-387]

At a criminal trial the judge correctly allowed the prosecution to cross-examine two alibi witnesses concerning their failure to report the alibi information to the police, where the proper foundation was laid for such cross-examination. [387-388]

A Superior Court judge correctly denied a criminal defendant's motion for a new trial based on a claim of a newly discovered alibi witness, where the proposed alibi testimony would not have cast doubt on the convictions. [388]

A Superior Court judge was warranted in not crediting affidavits of two convicted felons in support of a criminal defendant's motion for a new trial purporting to show that another man, since deceased, had committed the crime. [388-389]

No hearing was required on a criminal defendant's motion for a new trial based on posttrial polygraph test results, where such results are not newly discovered evidence for purposes of such a motion and where there was no foundation laid for the admissibility of the results in evidence. [389-390]

INDICTMENTS found and returned in the Superior Court Department on February 26, 1991.

The cases were tried before *Robert A. Barton*, J., and a motion for a new trial was heard by him.

The Supreme Judicial Court on its own initiative transferred the case from the Appeals Court.

*M. Page Kelley* for the defendant.

*Lincoln S. Jalelian*, Assistant District Attorney, for the Commonwealth.

WILKINS, J. The defendant, convicted in 1992 of the crimes of armed robbery and assault and battery by means of a dangerous weapon, has appealed from his convictions and from the trial judge's denial of his motion for a new trial. The evidence warranted a finding that, in February, 1991, the defendant robbed a Watertown variety store and "pistol whipped" one of the store's owners. The contested issue at trial was whether the defendant was properly identified as the man who had committed the crimes. We transferred the consolidated appeals here on our own motion and now affirm the convictions and the order denying the motion for a new trial.

1. We reject the defendant's argument that, because his trial counsel gave him erroneous advice, his waiver of his right to testify was invalid. In his affidavit in support of his motion for a new trial, the defendant states that he decided not to testify on the advice of his lawyer who made that recommendation after the trial judge had ruled that certain criminal convictions of the defendant would be admissible to impeach him if he were to testify. The defendant concedes that the trial judge was correct in ruling the following evidence to be admissible: (a) a 1990 conviction of possession of a class B substance; (b) a 1990 conviction of possession of a class D substance; and (c) a 1976 conviction of escape. See G. L. c. 233, § 21 (1994 ed.).

The defendant had been convicted in 1960 of the illegal possession of a sawed-off shotgun. He asserted in his affidavit that he was not represented by counsel on that charge, but he does not argue that he made this claim at the time of his trial. The Commonwealth had the burden of showing that the defendant had counsel or waived counsel. *Commonwealth* v. *Boudreau*, 362 Mass. 378, 381-382 (1972). The docket sheet indicates that counsel had been appointed, thus satisfying that burden in the absence of contrary evidence. See *Commonwealth* v. *Brown*, 2 Mass. App. Ct. 76, 82 (1974). See also *Barry* v. *Commonwealth*, 390 Mass. 285, 289 (1983). In the circumstances, trial counsel did not err in advising the defendant that his apparently counseled conviction of possession of a sawed-off shotgun was admissible to impeach him. Certainly,

the crimes charged in this case were not so similar to possession of a sawed-off shotgun that the judge abused his discretion in ruling evidence of the conviction admissible. See *Commonwealth* v. *Weaver*, 400 Mass. 612, 618-619 (1987).

The judge ruled that evidence of the defendant's 1989 conviction of operating a motor vehicle while under the influence of alcohol was also admissible. The defendant was initially placed on probation for this crime. Evidence of a conviction of this misdemeanor is admissible only if a sentence was imposed. See *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 259 (1985). Probation on a conviction of a misdemeanor is not a sentence for the purposes of G. L. c. 233, § 21. *Id.* Although the defendant violated the terms of his probation and his license was revoked, the license revocation probably did not qualify as the imposition of a sentence. See *Luk* v. *Commonwealth*, 421 Mass. 415, 426-427 (1995). An erroneous admission of this conviction, along with the clearly admissible convictions, would have been harmless error beyond a reasonable doubt. See *Gilday* v. *Commonwealth*, 355 Mass. 799 (1969); *Commonwealth* v. *Brown*, *supra* at 83. Counsel's advice not to testify, which the defendant reluctantly followed, was not founded on a substantially erroneous premise.

2. The defendant challenges the judge's rulings that allowed the prosecutor to cross-examine two alibi witnesses concerning their failure to report the alibi to the police. The standard that must be met to justify impeachment of an alibi witness on his or her failure to come forward to the police is set forth in *Commonwealth* v. *Brown*, 11 Mass. App. Ct. 288, 296-297 (1981). See *Commonwealth* v. *Egerton*, 396 Mass. 499, 507 (1986); *Commonwealth* v. *Nickerson*, 386 Mass. 54, 57-58 & n.4 (1982).

It was established that each witness "knew of the pending charges in sufficient detail to realize that he [or she] possessed exculpatory information," that, as a relative or a close friend, "the witness had reason to make the information available," and that neither defense counsel nor the defendant asked the witness to refrain from reporting the information to proper authorities. *Commonwealth* v. *Brown*, *supra*. Each witness also "was familiar with the means of reporting [the alibi] to the proper authorities." *Id.* One witness testified that she had a telephone and knew how to call the police. The other alibi witness testified that he had a telephone and knew how to

report information. The foundation for this line of cross-examination was adequately laid, and there was no abuse of discretion or unfair prejudice in permitting the cross-examination. See *Commonwealth* v. *Egerton, supra*; *Commonwealth* v. *Nickerson, supra.*

3. The judge properly denied the defendant's new trial motion based on a claim that the defendant had a newly discovered alibi witness. The defendant had listed one John Ryan as an alibi witness at the time of trial, but Ryan had left the country and was unavailable to testify. The defendant made no attempt to preserve Ryan's testimony pursuant to Mass. R. Crim. P. 35, 378 Mass. 906 (1979). It is doubtful that Ryan's testimony falls within the category of evidence "unknown" and "not reasonably discoverable" at the time of the trial. See *Commonwealth* v. *Grace*, 397 Mass. 303, 306 (1986). Even if Ryan would voluntarily appear from abroad to testify (his affidavit is silent on the point, and he could not be effectively summoned as a witness), the record does not sufficiently show that he saw the defendant at a restaurant in Boston at the time of the robbery. Ryan's proposed alibi testimony would not, therefore, have cast real doubt on the conviction and thus did not warrant allowance of the new trial motion. *Id.* at 305.

The defendant argues that the testimony of two convicted felons would exonerate him and warrants the granting of a new trial. By affidavit one averred that a John LaFleur, who was deceased, had told the witness that he, LaFleur, had committed the crime with which the defendant was charged. An affidavit of the other person tended to support aspects of the first affidavit. According to the principal affidavit, LaFleur was not willing to come forward and thought that the defendant would not be found guilty. Only after LaFleur died was his confession revealed to the defendant. At the time of the trial the defendant knew of the theory that LaFleur had committed the crimes, but did not pursue the point.

In these circumstances, the motion judge was warranted in not crediting the affidavits of the two convicted felons that purported to show that a man, now deceased, committed the crimes. See *Commonwealth* v. *Stewart*, 383 Mass. 253, 257-258 (1981); *Commonwealth* v. *Brown*, 378 Mass. 165, 172 (1979); *Commonwealth* v. *Grace*, 370 Mass. 746, 752-753 (1976). The anticipated testimony concerning LaFleur's

confession inherently lacked persuasive force and would not have cast real doubt on the convictions and, therefore, did not require allowance of the new trial motion. Moreover, LaFleur's hearsay statement did not meet the standard for admission as a declaration against penal interest because its trustworthiness was not shown by corroborating circumstances. See *Commonwealth* v. *Drew*, 397 Mass. 65, 75-77 (1986).

4. The defendant asserts that the motion judge should have held a hearing at which the defendant would have established that he had passed a posttrial polygraph examination. He argues that the results of his polygraph examination were admissible under the standard established after his trial in *Commonwealth* v. *Lanigan*, 419 Mass. 15 (1994). The defendant contends that his polygraph test results are newly discovered evidence for the purposes of his new trial motion and that, alternatively, his test results should be considered in support of his assertion that he should have a new trial because justice was not done.

Posttrial polygraph test results, even if otherwise admissible, are not newly discovered evidence for the purposes of a new trial motion. Moreover, the case for the admission in evidence of the defendant's polygraph test results has not been made. In *Commonwealth* v. *Mendes*, 406 Mass. 201, 212 (1989), this court held that polygraphic evidence was inadmissible for any purpose in criminal trials in the Commonwealth. Although it is true that the reliability of the theory underlying polygraph testing may now be shown by means other than general acceptance in the relevant scientific community (*Commonwealth* v. *Lanigan, supra*), the defendant has made no showing, by proposed proof or by reference to scientific or legal publications, that the perception of the reliability of polygraphic evidence has, for good reason, changed significantly since our *Mendes* opinion.

If polygraphic evidence is to be admissible in a given case, it seems likely that its reliability will be established by proof in a given case that a qualified tester who conducted the test had in similar circumstances demonstrated, in a statistically valid number of independently verified and controlled tests, the high level of accuracy of the conclusions that the tester reached in those tests. See *Commonwealth* v. *Devlin*, 365 Mass. 149, 153-155 (1974) (reliability of premise on which

expert testimony was based shown by repeated demonstrations that in its application the premise proved correct).

*Judgments affirmed.*

*Order denying motion for a new trial affirmed.*