## COMMONWEALTH *VS.* MICHAEL ORTIZ.

No. 97-P-2184.

Essex. May 11, 1999. - September 22, 1999.

Present: KASS, PORADA, & LENK, JJ.

*Rape. Indecent Assault and Battery. Assault and Battery. Practice, Criminal,* Lesser included offense, Instructions to jury, Voir dire. *Evidence,* Credibility of witness, Impeachment of credibility.

At the trial of an indictment for rape, no evidence warranted the judge's submission of the case to the jury with an instruction on a lesser included offense of indecent assault and battery; where the jury returned a verdict of guilty on indecent assault and battery, the defendant was entitled to a judgment of acquittal, and double jeopardy principles barred a retrial of either the rape charge or the lesser included offense. [779-780]

At the trial of an indictment for rape, the evidence warranted the judge's instructing the jury on the lesser included offense of assault and battery. [780]

At the trial of indictments alleging sexual offenses in which the complainant was white and the defendant Hispanic, the judge did not abuse her discretion in declining to conduct individual voir dire examinations of prospective jurors on the issue of race. [780-781]

At the trial of indictments, the judge erred in excluding, for purposes of impeaching a prosecution witness, two misdemeanor convictions in which a sentence comprising a fine was imposed; however, the defendant was not prejudiced where those convictions were only cumulative of two other convictions admitted in evidence to impeach that witness. [781]

At a criminal trial, the judge did not abuse her discretion in excluding mention of the sentences imposed on convictions of crimes admitted to impeach a witness's credibility. [781]

INDICTMENTS found and returned in the Superior Court Department on March 20, 1996.

The cases were tried before *Barbara J. Rouse,* J.

*Robert L. Sheketoff* for the defendant.

*Marcia H. Slingerland,* Assistant District Attorney, for the Commonwealth.

KASS, J. There were three indictments for rape (G. L. c. 265,

§ 22[*b*]): sequentially oral, anal, and then again oral. Michael Ortiz, the defendant, was acquitted by a jury of the first, found guilty of indecent assault and battery (G. L. c. 265, § 13H) under the second, and guilty of assault and battery (G. L. c. 265, § 13A) under the third. We reverse the judgment of indecent assault and battery because the evidence of anal rape did not admit a finding of that lesser included offense. We affirm the judgment of assault and battery.

1. *Facts.* On September 14, 1995, the complainant was in the process of moving out of an apartment at 270 Bailey Street in Lawrence. Her evidence was that the defendant, Ortiz, came uninvited into her living room and demanded that she give him a "blow job." She declined. Ortiz punched her severely on the mouth, breaking a tooth and drawing blood. He gagged her with a white cloth for four or five minutes. She took refuge in a bathroom and thought after some time that Ortiz had left. When she opened the door to the bathroom, he grabbed her by the hair and dragged her into the bedroom. There he forced oral sex. After fifteen minutes, Ortiz went behind the complainant — she was menstruating — and penetrated her anally. He did not ejaculate. Unsatisfied, he climaxed his assault with a second forced act of fellatio until he ejaculated. Ortiz then left. The complainant spat the ejaculate into the white cloth Ortiz had earlier used to gag her. Seven witnesses buttressed the complainant's account, including testimony about the broken tooth, red marks on her throat, and a bruised and swollen face.

Ortiz took the witness stand in his defense and said the acts of fellatio were consensual, having been arranged in exchange for providing the complainant with heroin. His account was that he had ejaculated into the white cloth. He denied any anal assault.

2. *The lesser included offenses.* At the charge conference, the government asked that the trial judge instruct the jury on the lesser included offense of indecent assault and battery under the anal rape indictment and the lesser included offense of assault and battery in the case of the two oral rape indictments. Defense counsel pointedly objected to giving the lesser included offense instructions. In the case of the anal rape count, the objection was on the ground that the evidence admitted of a finding either of an anal penetration of the complainant by the defendant with his penis, or of no anal attack whatever. In the case of the oral rape counts, counsel objected on the ground that insofar as there

was evidence of assault and battery, that evidence described a separate offense rather than one included in the rape.

(a) *The anal rape indictment.* If evidence permits a jury rationally to find that a lesser included offense has been committed, the judge, on the request of either party, must instruct the jury on the possibility of the lesser crime. *Commonwealth* v. *Woodward*, 427 Mass. 659, 662-663 (1998). See *Commonwealth* v. *Vasquez*, 27 Mass. App. Ct. 655, 660 (1989). Indecent assault and battery is a lesser included offense of rape. *Commonwealth* v. *Walker*, 426 Mass. 301, 303-304 (1997). The offense may consist of an unpermitted touching that society would regard as immodest and improper because of its sexual overtones, such as a touching of the breasts or genitalia. See *Commonwealth* v. *Perretti*, 20 Mass. App. Ct. 36, 43-44 (1985). If, however, the evidence does not allow a finding of the elements of a lesser included offense, then an instruction on a lesser included offense should not be given. *Commonwealth* v. *Egerton*, 396 Mass. 499, 503-505 (1986). *Commonwealth* v. *Vasquez, supra* at 660. *Commonwealth* v. *Henry*, 37 Mass. App. Ct. 429, 439 (1994).

The state of the direct evidence was that the complainant said Ortiz had penetrated her anally and he flatly denied it or any sexual approach other than orally. The Commonwealth's evidentiary basis for an indecent assault and battery charge is based on cross-examination of the complainant by defense counsel. Defense counsel asked whether the complainant had not told a police officer that Ortiz had tried to have anal intercourse but had been unsuccessful. The witness explained that what she meant by unsuccessful was "he did not ejaculate in me anally." She did not waver in her account that Ortiz had penetrated her anally. The suggestion to her by cross-examining counsel that there had been an incomplete anal assault — a suggestion the witness declined to adopt — does not constitute evidence of an incomplete anal assault. As the evidence stood, the jury could find rape had occurred but the evidence did not permit a finding that something less had occurred. It was error, therefore, to instruct the jury that they might return a verdict of indecent assault and battery on the anal rape indictment.

The jury's verdict convicting the defendant of indecent assault and battery is an implied acquittal of the anal rape charge. See *Green* v. *United States*, 355 U.S. 184, 190 (1957); *Commonwealth* v. *Burke*, 342 Mass. 144, 148 (1961); *Commonwealth* v. *Rodriguez*, 17 Mass. App. Ct. 547, 557 (1984). The defendant

may not be retried for that offense. See and compare *Commonwealth* v. *Nardone*, 406 Mass. 123, 132-134 (1989) (retrial not barred in unique circumstances in which conviction on lesser crime did not necessarily imply acquittal on the greater charge). Double jeopardy principles also bar a retrial on the lesser included offense of indecent assault and battery because, as explicated above, the government did not adduce evidence that could take that offense before the jury. Failure of evidence, such as would entitle a defendant to a required finding of not guilty as to a particular charge, bars retrial of that charge. See *Burks* v. *United States*, 437 U.S. 1, 16-18 (1978); *Commonwealth* v. *Cardenuto*, 406 Mass. 450, 457 (1990); *Corson* v. *Commonwealth*, 428 Mass. 193, 196 (1998).

(b) *The oral rape indictments.* Assault and battery is a lesser included offense of rape. See *Commonwealth* v. *Richmond*, 379 Mass. 557, 562 (1980). The defense seeks to place Ortiz's beating of the complainant in a line of cases that treat a criminal act distinct from the charged offense as a separate crime. See *Commonwealth* v. *Sanchez*, 405 Mass. 369, 381 (1989); *Commonwealth* v. *Mamay*, 407 Mass. 412, 418 (1990); *Commonwealth* v. *LaCaprucia*, 429 Mass. 440, 452 (1999); *Commonwealth* v. *Foskette*, 30 Mass. App. Ct. 384, 391 (1991). There are, however, acts contemporaneous with a rape that are so closely associated with it as not to be separate offenses that can be separately charged. The rape indictment under G. L. c. 265, § 22(*b*), had among its statutory elements unnatural sexual intercourse involving compelling the victim to submit by force and against her will. The punching and gagging of the complainant and the dragging her by the hair were integrated in the sexual episode, and were not separate offenses. Even if the jury found that the complainant had implicitly or by prearrangement consented to fellatio, the jury could find that she had not consented to being beaten up or being dragged about in connection with it. The assaults and batteries were ingredients of the felony with which the defendant was originally charged. See *Commonwealth* v. *Dean*, 109 Mass. 349, 352 (1872). There was no error in instructing the jury that they might find assault and battery as a lesser included offense of the oral rape indictments.

(c) *Other issues.* We deal summarily with several other points that the defendant has raised on appeal.

(i) The defense requested individual voir dire examinations of prospective jurors on the ground that the rape was an interracial

one, and that request was denied. See *Commonwealth* v. *Sanders*, 383 Mass. 637, 640-641 (1981). Here the alleged victim is white and Ortiz is Hispanic. The point is governed by *Commonwealth* v. *De La Cruz*, 405 Mass. 269, 274 (1989), which rejected Hispanic as a racial classification and left it to the discretion of the trial judge to decide whether ethnic considerations had sufficient potential for unfair prejudice so that individual voir dire of the jurors on the ethnic issue was warranted. The judge acted within her discretion.

The judge refused to allow the defense to impeach the complainant's credibility with two misdemeanor convictions on the ground that, as only a fine had been levied as punishment, the convictions were inadmissible for that purpose. Two other convictions of the complainant were introduced in evidence, but the judge forbade mention of the sentence imposed. Under G. L. c. 233, § 21, evidence of a misdemeanor conviction may be used to impeach the credibility of a witness only if a sentence was imposed. See *Commonwealth* v. *Stewart*, 422 Mass. 385, 387 (1996); *Commonwealth* v. *Rossi*, 19 Mass. App. Ct. 257, 259 (1985). A fine is a sentence within the meaning of G. L. c. 233, § 21. *Commonwealth* v. *Hersey*, 324 Mass. 196, 206 (1949) ("If the payment of the fine comprised the entire sentence, there would be no doubt as to the admissibility of the record for the purpose of impeaching the defendant"). Evidence of the misdemeanor convictions as to which the only punishment was a fine could, therefore, have been received, but because that evidence would have been cumulative, no harm resulted from the exclusion.

As to the judge's restrictions on mentioning the sentences contained in the convictions she said would be admitted to impeach the complainant's credibility, we think the statute admits of that exercise of discretion. The nature of the crime charged and conviction of it have a bearing on credibility. See *Commonwealth* v. *Roucoulet*, 22 Mass. App. Ct. 603, 608-609 (1986). The sentence imposed does not. Contrast *Commonwealth* v. *Hersey*, *supra* at 207; *Commonwealth* v. *Connolly*, 356 Mass. 617, 626-627, cert. denied, 400 U.S. 843 (1970).

The judgment in the case bearing indictment number 9677CR825, conviction of indecent assault and battery, is reversed, the verdict is set aside, and a judgment of acquittal shall be entered. The judgment in the case bearing indictment

number 9677CR823, conviction of assault and battery, is affirmed.

*So ordered.*