The defendant, Manuel R. Miranda, was convicted of operating under the influence of alcohol after being stopped when he appeared to try to evade a sobriety checkpoint by making an illegal turn. Rejecting his challenge to the seizure of his person and to the impanelment of his jury, we affirm.
1. Suppression. The defendant, upon approaching a sobriety checkpoint, stopped at a green light and then made an illegal left turn, causing oncoming traffic to slow or stop. Observing this, a State police sergeant promptly stopped the defendant's vehicle. Detecting numerous indications of the defendant's intoxication, the sergeant placed the defendant into his cruiser and drove him to the checkpoint for further investigation by officers conducting the checkpoint. At the checkpoint, the defendant made an incriminating statement, failed two field sobriety tests, and took a breathalyzer test. Ultimately, the motion judge allowed the defendant's motion to suppress the statement and the breathalyzer results, but denied his motion to suppress the field sobriety tests.[2]
Having observed the motor vehicle infraction, the sergeant was entitled to stop the defendant. Commonwealth v. Rosado, 84 Mass. App. Ct. 208, 212 (2013). Once the sergeant developed reasonable suspicion to believe that the defendant was operating under the influence of alcohol, extending the seizure to allow for field sobriety tests was appropriate. Commonwealth v. Eckert, 431 Mass. 591, 598 (2000).
The defendant's citation to the law governing sobriety checkpoints is unavailing, as the defendant was stopped for an independent motor vehicle infraction prior to arriving at the checkpoint.[3] Even were we to apply that body of law, nothing in the record suggests any violation of the principle that "a sobriety checkpoint must 'be governed by standard, neutral guidelines that clearly forbid the arbitrary selection of vehicles to be initially stopped.' " Commonwealth v. Gray, 466 Mass. 1012, 1013 (2013), quoting from Commonwealth v. Murphy, 454 Mass. 318, 322-323 (2009). See Commonwealth v. Baker, 91 Mass. App. Ct. 445, 447-448 (2017) (minor deviations that do not introduce possibility of arbitrariness and discretion may be disregarded). The judge properly denied the defendant's motion to suppress as to the stop of the vehicle and the field sobriety tests.
2. Voir dire. The Supreme Judicial Court has left the decision whether to ask potential jurors about attitudes towards persons of Hispanic ancestry to the sound discretion of trial judges. See Commonwealth v. De La Cruz, 405 Mass. 269, 274 (1989) ; Commonwealth v. Ramirez, 407 Mass. 553, 554-557 (1990). Accord Commonwealth v. Ortiz, 47 Mass. App. Ct. 777, 780-781 (1999). We reverse for an abuse of discretion only upon "a demonstration that the judge 'made a clear error of judgment in weighing the factors relevant to the decision such that the decision falls outside the range of reasonable alternatives.' " Commonwealth v. Driscoll, 91 Mass. App. Ct. 474, 476 (2017), quoting from L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014). We discern no such abuse of discretion in the trial judge's decision not to ask the potential jurors here about such attitudes, in a case without a victim and with no indication of racial or ethnic issues.[4]
Judgment affirmed.

The judge determined that the statements were the product of custodial interrogation without the benefit of Miranda warnings. The judge found that the Commonwealth had failed to meet its burden of showing that the defendant consented to the breathalyzer test.

Contrary to the defendant's claim that the prosecutor conceded that this stop was governed by the law relating to sobriety checkpoints, the prosecutor argued that "the defendant was stopped because he made an illegal turn as he was approaching" and mentioned the checkpoint only in a futile attempt to justify the questioning of the defendant. In any event, regardless of what the prosecutor argued at the suppression hearing, we may affirm on any ground supported by the findings and the record. Commonwealth v. Abdallah, 475 Mass. 47, 51 (2016).

After the defendant was introduced to the venire, the trial judge asked the jurors whether they were "aware of any bias or prejudice" for either side and whether there was "any reason why [they] would not be impartial," receiving no positive responses.