NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-497

COMMONWEALTH

vs.

HILIN ORELLANA.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant was indicted by a grand jury on a charge of rape of a child by force.  Following a jury trial, he was found guilty of the lesser included offense of indecent assault and battery on a child under fourteen.[1]  The defendant appeals, arguing that the judge erred by instructing the jury on the lesser included offense because the evidence did not support such an instruction.  We affirm.

Indecent assault and battery on a child under fourteen is a lesser included offense of rape of a child by force, distinguished by the element of penetration.  See Commonwealth

_____

[1] The defendant was tried together with his brother, who was convicted of aggravated rape of a child and rape of a child by force.

v. Walker, 426 Mass. 301, 304-306 (1997).  It is proper for a judge to give an instruction on a lesser included offense "if on any hypothesis of the evidence, the jury could have found the defendant[] guilty of [the lesser included offense] and not guilty of the greater offense."  Commonwealth v. Russell, 470 Mass. 464, 480 (2015), quoting Commonwealth v. Porro, 458 Mass. 526, 537 (2010).  In determining whether to give a lesser included offense instruction in cases involving sexual assault, the judge may consider the possibility that "a jury reasonably could be convinced by the victim's testimony that the defendant sexually assaulted her but not be convinced beyond a reasonable doubt that penetration occurred."  Porro, supra at 537 n.10.  Because the defendant did not object to the instruction at trial, our review is limited to determining whether any error created a substantial risk of a miscarriage of justice.  See Commonwealth v. Roderiques, 462 Mass. 415, 425-426 (2012).

Here, there was sufficient evidence from which the jury could have found indecent touching that fell short of penetration.  The jury heard testimony from the victim that, when she was thirteen years old, the defendant tried to lift up her shirt, pulled down her pants, and raped her by "sticking his penis halfway inside of [her]," which caused her to faint immediately.  At the same time, the victim testified to the effect that she was still a virgin after the defendant's assault

2

and that she understood rape at the age of thirteen to be "[w]hen somebody forces you to do something that you don't want to do . . . [l]ike anything sexual, touching your body." The victim also recalled being "confused and frightened" at the time because she "wasn't sure what was going on" and "didn't understand a lot of things" given her young age and religious upbringing. See Russell, 470 Mass. at 482 (jury could have "had reasonable doubt as to the extent of the contact described by the victim" considering her age and testimony about nonpenetrating contact). Taken as a whole, the victim's testimony permitted the jury to infer that "the defendant's penis came into contact with the victim's vaginal area -- without penetrating her vagina." Id. See Commonwealth v. Daughtry, 417 Mass. 136, 140 n.1 (1994) ("A jury are free to believe part of a witness's testimony and disbelieve part").

The jury also heard multiple prior inconsistent statements made by the victim and first complaint testimony from the victim's mother that could have cast further doubt on the element of penetration. The victim informed investigators during an interview in 2019, five years after the assault, that the defendant's assault marked "the first [time that a] penis . . . ever went inside [her]." But in the same interview, she insisted that she had "never had sex before in [her] life" until she was assaulted again later that year by the defendant's

3

brother and that the defendant tried to rape her but "didn't do anything more" after he "went to stick his penis inside of her, and . . . she fainted." While being prepared for trial a few years later, the victim admitted that she did not remember the defendant inserting his penis into her vagina. Moreover, the victim's mother testified as the first complaint witness that the victim only disclosed that the defendant "went to rape her, and that she fainted." These inconsistencies gave the jury further reason to conclude that there was proof of an indecent touching, but insufficient proof of penetration. See Russell, 470 Mass. at 481-482.

The defendant's reliance on Commonwealth v. Ortiz, 47 Mass. App. Ct. 777 (1995), is misplaced. There, as to an indictment of anal rape, the complainant insisted that the defendant had penetrated her anally, never testified to any other touching, and explicitly rejected defense counsel's suggestion that the defendant merely attempted, but did not complete, the assault. See id. at 779. This court therefore determined that the objected-to instruction on indecent assault and battery was error because "[a]s the evidence stood, the jury could find [that] rape had occurred but the evidence did not permit a finding that something less had occurred." Id.

The evidence in this case was markedly different. The victim's testimony, especially considering her prior

4

inconsistent statements and the first complaint testimony, provided an evidentiary basis for the jury's finding of indecent touching without penetration.  See Russell, 470 Mass. at 482.  Accordingly, we discern no error in the judge's lesser included offense instruction, much less a substantial risk of a miscarriage of justice.

Judgment affirmed.

By the Court (Massing, Shin & D'Angelo, JJ.[2]),

Clerk

Entered: June 25, 2024.

---

[2] The panelists are listed in order of seniority.