1. The motion to suppress. We accept the motion judge’s findings of fact as binding unless they are clearly erroneous, Commonwealth v. Berment, 39 Mass. App. Ct. 522, 523 (1995). After the hearing on the motion to suppress, the judge found the following facts. The defendant appeared in a hospital emergency room in the early morning hours of February 18, 1994. Judith Glenn, an off-duty police officer, was on uniformed private detail. After the defendant asked for assistance at the reception desk, he went outside with Glenn. A female (victim) was seated in the passenger seat of an automobile holding her head, which was covered with blood. The victim was placed in a wheelchair and brought into the hospital for treatment. She said, “the man out there hit me in the head with a hammer and tried to kill me.” The defendant gave Glenn a fictitious name, address, and social security number, although the date of his birth was correct. He explained that he was a neighbor of the victim and did not know what had happened to her.[1] He then altered his story by saying he was having sex in a nearby building with an underage female and heard screams. The defendant appeared jittery and wanted to call his girl friend. He told Glenn that the automobile belonged to the victim and gave Glenn the keys.
Glenn went to the automobile and looked inside the glove compartment *860 for some identification of the vehicle’s owner. The vehicle was registered to the victim. Glenn then picked up a jacket from the driver’s side and found under it a blue-handled claw hammer with blood on the claw. Glenn called for assistance and took the hammer. She encountered the defendant as she was going back to the hospital. He ran from her but was stopped by police officers answering Glenn’s call. After he was placed under arrest, the defendant was taken to the police station.
The next morning, Detective Dennis O’Connor was assigned to the case and visited the defendant in his cell block. He asked the defendant if he wished to speak, and the defendant said he did. He was brought to an interview room and advised of his Miranda rights (see Miranda v. Arizona, 384 U.S. 436, 479 [1966]). After signing a Miranda waiver form, the defendant furnished a statement about what had happened to the victim. He said he had struck the victim with the hammer on several occasions because “she wouldn’t leave [sic] him sleep.” At the time of the statement, the defendant had slept and was not hungry or under the influence of any drugs or alcohol.
The judge correctly denied the defendant’s motion to suppress evidence because the defendant had no reasonable expectation of privacy with respect to the automobile and therefore no standing to contest its search. Here, the defendant handed the automobile keys to Glenn, told her that the victim owned the car, denied knowledge of the victim’s circumstances, and apparently concealed property in the automobile in which he did not demonstrate he had a right to be. There was no search of the defendant’s property in the constitutional sense. See Commonwealth v. Carter, 424 Mass. 409, 411-412 (1997). Contrast Commonwealth v. Straw, 422 Mass. 756, 759 (1996) (the defendant had a reasonable expectation of privacy in a briefcase because he had locked it and left it in a constitutionally protected place).
The defendant’s argument that his postarrest statement should have been suppressed relies on his conclusion that the search of the automobile was illegal. As the search of the automobile was legal, the defendant’s statements were not the fruit of illegal actions. The statements were also properly admitted because there is no evidence of coercive conduct by the police, and the defendant knowingly and voluntarily waived his Miranda rights. See Commonwealth v. Mandile, 397 Mass. 410, 413 (1986).
2. The motion to dismiss. The judge correctly denied the defendant’s motion to dismiss the conviction based on the indictment charging the defendant with assault and battery by means of a dangerous weapon, as it was based on separate acts than those on which the conviction of mayhem (second branch, see Commonwealth v. Cleary, 41 Mass. App. Ct. 214, 214 n.l [1996]) was based. Therefore, it was not duplicative as a matter of fact.[2] See Commonwealth v. Hamm, 19 Mass. App. Ct. 72, 81 (1984) (charges for acts which occurred contemporaneously were not duplicative where the conviction for mayhem was based on the victim’s impalement upon a tree *861 branch and the conviction for assault with intent to murder rested on evidence that the defendant “stomped” the victim in the head and face, and the distinction between the charges and their supporting evidence was well made). See also Commonwealth v. Vega, 36 Mass. App. Ct. 635, 641 (1994) (“[t]he realities of multiple attacks on a victim warranted — although they did not require — multiple indictments”). Contrast Commonwealth v. Sanchez, 405 Mass. 369, 381 (1989) (convictions were duplicative where the judge did not instruct the jury that the convictions must be based on separate acts); Commonwealth v. Sullivan, 20 Mass. App. Ct. 802, 809-810 (1985) (convictions of second degree murder and assault with a dangerous weapon were duplicative where the instructions did not “separat[e] the hand stabbing from the back stabbing”).
Nona E. Walker, Committee for Public Counsel Services, for the defendant.
Elizabeth Dunphy Farris, Assistant District Attorney, for the Commonwealth.
In this case, the victim sustained a scalp laceration, a fractured skull, a fractured arm, a lacerated elbow, and numerous bruises and contusions on her face and shoulders. After properly instructing the jury on the substantive elements of mayhem and assault and battery by means of a dangerous weapon, the judge informed the jury that, if they convicted the defendant of mayhem, they had to indicate on the verdict slip whether they were finding mayhem with respect to the injuries to the victim’s head, arm, or both. The jury then found the defendant guilty of “mayhem of the head” and assault and battery by means of a dangerous weapon. As the judge sufficiently isolated for the jury which acts could constitute mayhem and the jury specified that their conviction for mayhem was based on the victim’s head injuries, the jury’s verdicts were factually distinct such that the convictions for mayhem and assault and battery by means of a dangerous weapon were not duplicative. See Hamm, supra, and Vega, supra. Contrast Sanchez, supra, and Sullivan, supra.

Judgments affirmed.

 In fact, the defendant, the victim’s intermittent boy friend for about fifteen years, was living with the victim and their thirteen year old daughter at the time.

 Because we conclude that the convictions are based on separate and distinct acts, we need not consider the defendant’s argument that assault and battery by means of a dangerous weapon is a lesser included offense of the second branch of the mayhem statute in this case. See Commonwealth v. Hogan, 7 Mass. App. Ct. 236, 247-248, S.C., 379 Mass. 190 [1979] (assault with a dangerous weapon is not a lesser included offense of the first branch of the mayhem statute.)