After a jury trial in the District Court, the defendant was convicted of five firearm offenses.[2] The charges were based on evidence that the defendant possessed a firearm and fired multiple shots at another individual near a dwelling. The defendant appeals from his convictions, arguing that the motion judge erred in denying his motion to suppress. We affirm.
Background.[3] On October 18, 2013, the Lynn police department received a 911 call that an individual had fired multiple shots in the area of a dwelling. When the police arrived a few minutes later, eyewitnesses at the scene told the officers that the armed shooter had entered the dwelling near where the shots were fired. The officers set up a perimeter around the dwelling. The officers did not hear any shots or calls for help from the building, but they decided that they needed to go inside "to check ... if there [ ] [was] anybody in danger inside or out."
The officers knocked on the front door. After receiving no answer, they entered the building through a window on the first floor after pushing a portable air conditioning unit out of the window. Once inside the building, they conducted a protective sweep looking for the shooter and any potential victims. During that sweep, the officers found the defendant-who matched the descriptions of the shooter given by the eyewitnesses-on the third floor. No weapons were found on or near the defendant at that time. After escorting the defendant to the second floor, the officers returned to the third floor, where they found two firearms.
When the defendant was sitting outside of the building accompanied by officers, he was approached by one of the eyewitnesses who earlier had given his description to the police. That eyewitness (first eyewitness) volunteered that the defendant was the person who fired the shots. After the defendant was arrested, a bullet was found on his person.
Arguing that the evidence discovered inside the building and on his person after his arrest was the product of an unjustified warrantless search of the residence, the defendant moved to suppress it, along with the identification of him by the first eyewitness. The motion judge initially denied this motion in toto, but then, on reconsideration, allowed it as to the two firearms that were discovered after the protective sweep had concluded. On appeal, the defendant argues that the judge erred to the extent that he denied the motion to suppress, and that his convictions should be vacated on this basis.[4]
Discussion. This appeal turns on whether the police could rely on the emergency aid exception to the general requirement that residences can be searched only with a warrant. See Commonwealth v. Duncan, 467 Mass. 746, 750 (2014) ("Such scenarios [of emergency aid] present one type of 'exigent circumstance' that obviates the need for a warrant"). Under that exception, "the police [may] enter a home without a warrant when they have an objectively reasonable basis to believe that there may be someone inside who is injured or in imminent danger of physical harm." Commonwealth v. Peters, 453 Mass. 818, 819 (2009), and cases cited. In order to pass muster under the emergency aid test, a warrantless search must satisfy two strict requirements.[5] First, "there must be objectively reasonable grounds to believe that an emergency exists." Id. at 823. Second, "the conduct of the police following the entry must be reasonable under the circumstances, which ... means that the protective sweep must be limited in scope to its purpose-a search for victims or suspects." Ibid.
In this case, the first prong of the test was satisfied. The motion judge found that live rounds were shot near a dwelling, that the whole situation was "very fluid and dangerous," and that the witnesses testified that the shooter walked into the dwelling immediately after the shooting occurred. In colloquial terms, based on the information they possessed at the time, the police were facing an "active shooter" scenario. Under these circumstances, the police officers had reasonable grounds to believe that an emergency existed, because the shooter could have injured or killed those who were or could have been in the building; the shooter also could have fired into the street again. See Commonwealth v. Paniaqua, 413 Mass. 796, 798 (1992) (where "[a] police radio call alerted the police to a probable firing of shots at [a dwelling, t]he police reasonably believed the circumstances to be life-threatening").
The second prong of the test was satisfied as well, because the officers initially conducted only a limited protective sweep of the premises, that is, they took only actions that were minimally necessary to uncover the shooter and his potential victims. See Commonwealth v. Kaeppeler, 473 Mass. 396, 402-403 (2015), quoting from Commonwealth v. Townsend, 453 Mass. 413, 425-426 (2009) ("Reasonableness must be 'evaluated in relation to the scene as it could appear to the officers at the time, not as it may seem to a scholar after the event with the benefit of leisured retrospective analysis' "). To the extent that the police continued their warrantless search after the narrow protective sweep had concluded, the defendant successfully won exclusion of the firearms found during that search.[6]
In sum, we conclude that the judge did not err to the extent he denied the motion to suppress.
Judgments affirmed.

Carrying a firearm without a license, carrying a loaded firearm without a license, possession of a firearm within 500 feet of a dwelling, discharge of a firearm within 500 feet of a dwelling, and possession of ammunition without a firearm identification card.

We summarize the facts as found by the motion judge absent clear error, but conduct "an independent review of the judge's ultimate findings and conclusions of law." Commonwealth v. Washington, 449 Mass. 476, 480 (2007).

Part of this appeal appears to be moot. In arguing his motion to suppress below, the defendant focused in great part on trying to exclude the identification of him by the first eyewitness. However, that identification was never admitted at trial, so whether the judge erred in excluding such evidence has no bearing on his conviction. In addition, the defendant argues on appeal that the identification of him by another eyewitness, who also identified the defendant as the shooter at the scene, should have been suppressed as the fruit of an invalid search. The defendant, however, did not make that argument below. Therefore, at least arguably, that argument is not properly before us. See Commonwealth v. Johnston, 60 Mass. App. Ct. 13, 17 (2003) ("Rule 13[a][2] of the Massachusetts Rules of Criminal Procedure requires that a defendant state the grounds on which the motion [to suppress] is based 'with particularity' "); id. at 20 ("We are not obliged on appeal to address new arguments in support of rule 13 motions to suppress that were not argued before the trial judge"). Nevertheless, we turn to the merits.

"The emergency aid exception does not require that police have probable cause [to believe] that a crime has been committed, because the purpose of the entry is to prevent harm stemming from a dangerous condition, not to investigate criminal activity." Commonwealth v. Tuschall, 476 Mass. 581, 585 (2017). In any event, the defendant concedes that in this case, there was probable cause to believe that "the suspect" had committed a felony.

The bullet in the defendant's pocket was not found during a search of the residence, but was found during the defendant's booking for an outstanding arrest warrant.