After a jury trial in the District Court, the defendant, David Wishnack, was convicted of assault and battery in violation of G. L. c. 265, § 13A(a ). On appeal, he contends that (1) the evidence was insufficient to support the conviction; (2) the trial judge's instruction on assault and battery created a substantial risk of a miscarriage of justice; and (3) the prosecutor's closing argument created a substantial risk of a miscarriage of justice. We affirm.
Background. The jury could have found the following facts. On the evening of May 15, 2014, the defendant and his girl friend (the victim) were driving to dinner in Chestnut Hill. At some point they realized that they "were completely lost." An argument ensued, and the defendant ultimately pulled over in a residential area of Watertown. It was still light outside, so the couple could see their immediate surroundings. At some point, the victim exited the vehicle and began to walk down Mount Auburn Street. The defendant parked the vehicle, got out, and began to follow her. He tried to convince her to return to the vehicle, but she refused, and they continued to argue as they walked back and forth on the sidewalk for ten to fifteen minutes.
During this quarrel, they came into the view of Benjamin Oliver, who was on the front porch of his house on Mount Auburn Street. He was approximately forty-five to sixty feet away from them, so he could not hear any conversation, but noted that they seemed to be having an argument. Oliver saw that the defendant "blocked [the victim's] way of walking. He ... kind of went in front of her so she couldn't walk anymore." Oliver observed the defendant "assert [ ] himself in front of her," and saw that the victim looked "distraught." Oliver also saw "[the defendant's] hand go behind her," like he was "reaching behind her," followed by her head "jolt[ing] back," and her hair moving "in a kind of a jerky motion." He also heard her make an "exclamation," which he described as "an audible gasp like noise." After witnessing this, Oliver called the police. Officers arrived on the scene a few minutes later and ultimately arrested the defendant for assault and battery.
1. Sufficiency of the evidence. It is not clear from the record whether the defendant moved for a required finding of not guilty at trial. However, sufficiency of the evidence issues are "inherently serious," and we must consider them. Commonwealth v. McGovern, 397 Mass. 863, 867-868 (1986). In deciding sufficiency under these circumstances, we view the evidence "in the light most favorable to the Commonwealth, and 'determine whether ... any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " Commonwealth v. Milo M., 433 Mass. 149, 153-154 (2001), quoting from Commonwealth v. Lodge, 431 Mass. 461, 465 (2000). Here, the defendant contends that the Commonwealth failed to show that the defendant committed a "harmful" or "offensive" touching and, therefore, that the verdict cannot stand. We disagree.
The evidence presented at trial was sufficient to establish the elements of assault and battery beyond a reasonable doubt. To prove assault and battery, the Commonwealth must demonstrate that the defendant (1) intentionally, (2) touched the victim, (3) in a harmful or offensive manner, (4) without justification or excuse. See Commonwealth v. Boyd, 73 Mass. App. Ct. 190, 194 (2008). The defendant concedes the first and second elements, and does not dispute the fourth. Thus we focus our analysis on the third element. A touching is harmful where it is carried out "with such violence that bodily harm is likely to result." Commonwealth v. Eberhart, 461 Mass. 809, 818 (2012) (quotation omitted). A touching is offensive where it occurs without consent. See Commonwealth v. Hartnett, 72 Mass. App. Ct. 467, 477 (2008). Viewed in the light most favorable to the Commonwealth, the evidence was sufficient to establish both kinds of touching.
It is well settled that "circumstantial evidence is competent to establish guilt beyond a reasonable doubt." Commonwealth v. Lodge, 431 Mass. at 465. Further, the jury may draw inferences from such evidence, which "need not be necessary or inescapable," only "reasonable and possible." Commonwealth v. Bush, 427 Mass. 26, 30 (1998) (quotation omitted). In the instant case, Oliver testified that, immediately after the defendant reached behind the victim, he saw her head "jolt" back, and her hair move in a "jerky motion," followed by "an audible gasp." It would be reasonable, not merely speculative, to infer from these facts that the defendant grabbed and pulled the victim's hair, causing her to exclaim in pain.[2] Such an act constitutes a harmful touching. See Commonwealth v. Johnston, 60 Mass. App. Ct. 13, 22 (2003).
Likewise, the evidence allows the reasonable inference that the victim did not consent to the touching. Given that the victim got out of the car because she needed "space" from the defendant, was "seeing red" because she was so angry with him, refused to return to the car, turned away from him when he "asserted himself" to "block" her way on the sidewalk, and gasped upon being jerked back by her hair, it is reasonable to conclude that she did not want to be touched, much less have her hair pulled. Thus a rational trier of fact could have found that the defendant committed an offensive touching.
2. Jury instruction. The defendant argues that the jury instruction on assault and battery was erroneous because it did not adequately instruct the jury on consent. We disagree. Absent any objection at trial, our review is limited "to determine whether an error occurred and, if so, whether that error created a substantial risk of a miscarriage of justice." Commonwealth v. Arias, 84 Mass. App. Ct. 454, 464 (2013). Here, there was no error.
In reviewing a jury instruction, "[w]e evaluate the instruction as a whole, looking for the interpretation a reasonable juror would place on the judge's words." Commonwealth v. Young, 461 Mass. 198, 207 (2012) (quotation omitted). Judges are not required "to use any particular words in their instructions so long as they convey the legal concepts properly." Commonwealth v. Trapp, 423 Mass. 356, 359 (1996), abrogated in part on other grounds by Commonwealth v. Sliech-Brodeur, 457 Mass. 300, 319 n.27 (2010). Viewed as a whole, the jury instruction in this case conveyed the proper legal standard. In the final charge, the judge explained that the Commonwealth had to prove beyond a reasonable doubt, "first, that [the defendant] touched the person of [the victim] without having any right or excuse for doing so. Second, that [the defendant] intended to touch [the victim]. And third, that the touching was either likely to cause bodily harm or was done without her consent." Not only did this instruction clearly convey the accepted elements of assault and battery, as discussed, supra, but it also virtually mirrored the prevailing model jury instruction at the time of trial.[3] See Criminal Model Jury Instructions for Use in the District Court 6.140 (2009). As a result, there was no error. See Commonwealth v. Vargas, 475 Mass. 338, 350 (2016) ("instruction ... clearly and correctly conveyed the applicable law").
3. Closing argument. The defendant also argues that certain statements in the prosecutor's closing argument were improper and created a substantial risk of a miscarriage of justice. Specifically, he contends that the prosecutor mischaracterized evidence twice during the closing argument: first, when she stated that the defendant "grabs her by the shoulder, she described this to you, that he grabbed her shoulder"; and second, when she stated that "Mr. Oliver saw the Defendant block the victim's path, reach behind her and jerk her head back." The defendant elaborates that because (1) the victim never used the term "grab," and (2) because Oliver was not certain that the victim's hair was pulled, the prosecutor created a substantial risk of a miscarriage of justice in making these remarks. We disagree. Initially, the prosecutor's statements fairly summarized the evidence and reasonable inferences that could be drawn therefrom. See Commonwealth v. Colon-Cruz, 408 Mass. 533, 553 (1990). There was no error. Moreover, even assuming these statements could somehow be construed as improper, they were mitigated by the judge's thorough instructions and the Commonwealth's strong case based on what the jury could have viewed as unbiased nonparty eyewitness testimony. See Commonwealth v. Alphas, 430 Mass. 8, 13 (1999) (factors in determining whether error created substantial risk of miscarriage of justice include strength of Commonwealth's case; nature of error; whether, in context of trial, it is plausible that jury's decision would have been different but for error; and whether counsel's failure to object was reasonable tactical decision).
These factors also alleviated any prejudice that may have stemmed from the prosecutor's unobjected-to use of the term "victim" at trial.[4] Given that we assume "[a] certain measure of jury sophistication," Commonwealth v. Kozec, 399 Mass. 514, 517 (1987), these prosecutorial statements, considered individually or together, did not create a substantial risk of a miscarriage of justice.[5]
Judgment affirmed.

Although the victim testified that the defendant did not pull her hair or hurt her in any way, the jury were not required to believe this testimony. At trial, the fact finder is entitled to "credit and accept ... evidence to the exclusion of evidence favorable to the defendant." Commonwealth v. Klein, 372 Mass. 823, 824 (1977).

The defendant avers that because the model jury instruction on assault and battery has since been updated to include more specific language on lack of consent, the prior instruction was given in error. We disagree. The judge needed only to convey the proper legal standard. See Trapp, supra at 359. He did so such that the jury would have understood that in order to prove an offensive battery, the Commonwealth needed to prove lack of consent beyond a reasonable doubt.

Indeed, we have found that the use of this term does not rise to the level of substantial risk even under much more egregious circumstances. See Commonwealth v. Lugo, 89 Mass. App. Ct. 229, 237 (2016) (holding that prosecutor's use of "victim" in closing did not create substantial risk even where judge had granted motion in limine prohibiting it).

To the extent that the defendant made other arguments that are not discussed in this opinion, they have not been overlooked. "We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).